IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KYU HWAN HWANG,<br><br>　　Plaintiff,<br><br>v.<br><br>JERRY QUEZADA ARITA, an individual and resident of Tennessee; SAINT FRANCIS HOSPITAL—MEMPHIS (in other name, TENET HEALTHCARE CORPORATION); a corporation; MEMPHIS POLICE DEPARTMENT, government (law enforcement agency); MEMPHIS FIRE DEPARTMENT, government (emergency medical services),<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 2:20-cv-02904-SHL-atc<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTIONS TO DISMISS AND TO REMAND REMAINING CLAIMS TO STATE COURT**

Before the Court is the Report and Recommendation ("Report") filed by Magistrate Judge Annie T. Christoff on August 20, 2021, (ECF No. 45), Plaintiff's Objection, filed September 2, 2021, (ECF No. 46), and Defendant Saint Francis Hospital-Memphis's Reply to Plaintiff's Objection, (ECF No. 47), filed September 10, 2021.  The Report recommends granting Defendants Saint Francis and City of Memphis's Motions to Dismiss and remanding the remaining state claim against Defendant Jerry Arita to Shelby County Circuit Court, where the case was filed prior to removal to this Court.  Plaintiff's Objection does not contain any specific objections to the factual findings or recommendations in the Report.  Rather the filing appears to attempt to operate more like an amended complaint, alleging and re-alleging facts Plaintiff either failed to plead or improperly pled in the Original Complaint and including conclusory

statements. (ECF No. 46.) Because the Report contains no clear error, and would be adopted even on de novo review, the Court **ADOPTS** the Report.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Rather than offer specific objections to the factual findings or recommendations listed in the Report, Plaintiff "alleges" new facts or makes conclusory statements of law to seemingly correct his Complaint's pleading deficiencies. (ECF No. 46 Page ID 270.) For instance, in response to the Report's finding that Plaintiff failed to plead an essential element of Emergency Medical Treatment and Labor Act ("EMTALA"), specifically, that he had an emergency condition and Saint Francis had notice of one yet failed to stabilize him, Plaintiff reiterates in his Objection that "his claims against Saint Francis are both an EMTALA claim and a health care liability claim." (Id. at PageID 271.) Likewise, in response to the Report's finding that Plaintiff's Complaint does not allege a viable claim of negligence against a City of Memphis employee because the alleged falsification of records could not have caused any alleged injury by Saint Francis, Plaintiff "alleges" in his Objection that a city employee's negligent actions proximately caused his injuries. (Id.) These conclusory statements cannot qualify as specific objections. See Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is

tantamount to a complete failure to object."); Miller v. Currie, 50 F. 3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Finding Plaintiff failed to meet his burden under Rule 72, the Court **ADOPTS** the Report's recommendation and **GRANTS** Defendants' Motions to Dismiss.

Plaintiff's only remaining claim is a state-law negligence claim against Defendant Arita. Plaintiff originally filed this action in Shelby County Circuit Court, and Defendant Saint Francis removed to this Court based on federal question jurisdiction. (ECF No. 45 PageID 265.) Though Plaintiff and Defendant Arita were citizens of different states at the time this action was filed, and Plaintiff's alleged damages may have satisfied the amount-in-controversy requirement, neither Plaintiff nor Defendant Arita have raised diversity as a basis for this Court's jurisdiction. More importantly, Defendant Arita was a resident of Tennessee when this action was filed. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Because Defendant Arita is a citizen of the forum state and there is no other basis for jurisdiction, the Court **ADOPTS** the Report's recommendation and **REMANDS** this case to state court.

**IT IS SO ORDERED,** this 28 of September, 2021.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE